STATE of Missouri, Respondent,

v.

Tommy Lee BEAVERS, Appellant.

No. KCD 28863.

Missouri Court of Appeals,
Kansas City District.

June 27, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Jefferson City, for respondent.

Before DIXON, P. J., and WASSERSTROM and TURNAGE, JJ.

TURNAGE, Judge.

Tommy Lee Beavers was convicted by a jury of carrying a concealed weapon, § 564.-610, RSMo 1969, and sentenced by the court under the Second Offender Act to imprisonment for three years. On this appeal Beavers raises the sole question of the failure to give Instruction MAI–CR 2.10. Affirmed.

Beavers left a bar in Kansas City with his friend Jesse Hendrix in an automobile driven by Hendrix. The car was stopped a short time later because it had only one headlight and no front license tag. The two officers who stopped the car stated they observed Beavers lean down as if to place something under the front seat and then look back at the officers who were pursuing with their siren on.

After the car was stopped, the men were ordered to get out and a subsequent search revealed a loaded .32 caliber pistol under the seat on the passenger side. When the officer removed the pistol and displayed it, Beavers stated it was his gun.

The above facts were shown by the State's evidence. The evidence produced by Beavers, although not by his own testimony, was that Beavers' sister had placed the gun under the passenger side of the automobile without the knowledge of Beavers.

Beavers made no request that MAI–CR 2.10 be given to submit the question of whether his participation was limited to his presence at the place of the crime. In his motion for new trial Beavers simply stated, "The court erred in failing to submit Instruction MAI–CR 2.10, and did so to the prejudice of the defendant." In *State v. Sanders,* 541 S.W.2d 530, 532[1] (Mo. banc 1976) the court held that compliance with Rule 27.20 requires an assignment, in a motion for a new trial concerning the failure to give an instruction, to be accompanied by a statement of facts in evidence which are considered sufficient to warrant the giving of such an instruction. The court held the failure to state such facts failed to preserve for review any question regarding the refusal to give the instruction.

In this case Beavers stated only the court erred in failing to give MAI–CR 2.10. No facts whatever were stated in the motion which were considered to be sufficient to warrant the giving of such instruction. In that circumstance, under the holding in *Sanders* and the many cases cited therein, Beavers has failed to preserve any question for review.

Absent any question being preserved which this court may review and absent any request for review under Rule 27.20(c), the judgment is affirmed.

All concur.